Filed 7/13/16  P. v. Turner CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069005 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD261039) |
| BRIAN L. TURNER, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Brian L. Turner of unlawful taking and driving a vehicle (Veh. Code, § 10851, subd. (a)).  Turner admitted two strike priors (Pen. Code, § 667, subds. (b)-(i)).  The court thereafter struck one of the priors and sentenced Turner to a term of 32 months.

Turner filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Turner the opportunity to file his own brief on appeal but he has not responded.

## STATEMENT OF FACTS

On February 21, 2015, Angelina Armstrong reported her car had been stolen. She told police that her "ex-boyfriend," Brian Turner, had taken her key and then took her car. Turner was arrested in the car on February 23, 2015.

Turner denied stealing the car. He basically said he had taken the car out longer than was probably intended.

Prior to the trial, Turner called Armstrong from the jail. The conversation was recorded. There Turner told Armstrong that she needed to tell the jury that he had general permission to use the car, although he did not specifically obtain permission that night.

At trial, Armstrong changed her statement about the events. She testified that Turner had a set of keys to the car and that he was "able to use the car." She denied telling police that Turner did not have permission to use the car.

## DISCUSSION

As we have noted above, appellate counsel has asked the court to review the record for error as mandated by *Wende, supra,* 25 Cal.3d 436. Although counsel has not

been able to identify any reasonably arguable issues for reversal on appeal, he has identified several possible, but not reasonably arguable issues for our consideration. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel offers the following possible issues:

1. Whether the trial court erred in instructing the jury with CALCRIM No. 371[1] regarding acts by a defendant to hide evidence or to discourage someone from testifying;

2. Whether the court erred in refusing to redact the word "blood" from the audio recording of Turner's conversation with Armstrong;

3. Whether the trial court erred in instructing the jury with CALCRIM No. 1820[2] regarding the issue of lack of permission for unlawful taking and driving a vehicle.

---

[1] CALCRIM No. 371 provides: "If the defendant tried to hide evidence or discourage someone from testifying against him, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such an attempt, it is up to you to decide its meaning and importance. However, evidence of such an attempt cannot prove guilt by itself. [¶] If the defendant tried to create false evidence or obtain false testimony, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such an attempt, it is up to you to decide its meaning and importance. However, evidence of such an attempt cannot prove guilt by itself."

[2] CALCRIM No. 1820 provides: "The defendant is charged in Count 1 with unlawfully driving a vehicle. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant drove someone else's vehicle without the owner's consent; [¶] AND [¶] 2. When the defendant did so, he intended to deprive the owner of possession or ownership of the vehicle for any period of time. [¶] Even if you conclude that the owner had allowed the defendant to take or drive the vehicle before, you may not conclude that the owner consented to the driving or taking on February 23, 2015, based on that previous consent alone. [¶] A *vehicle* includes a passenger vehicle."

We have reviewed the entire record. We have not discovered any reasonably arguable issue for reversal on appeal. Competent counsel has represented Turner on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.